# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RAYMOND RACEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00619 |
| ) | REEVES |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Criminal Court File No. 527].[1] The government filed a response in opposition [Doc. 612] and Petitioner filed a reply [Doc. 613]. For the reasons discussed herein, the Court finds that Petitioner is entitled to an evidentiary hearing.

### I.  Background

On June 11, 2015, Petitioner entered a guilty plea to: Count One of the indictment charging the Petitioner with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); Count Two of the indictment charging the defendant with conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and Count Four of the indictment charging the defendant with knowingly and intentionally possessing equipment, chemicals, products, and materials used to

---

[1] All citations to the record are found on the criminal docket in Case No. 3:14-CR-00089-PLR-HBG-2.

1

manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6), (d)(2). [Doc. 282, 288]. These pleas were not made pursuant to a plea agreement. [Doc. 384].

On October 15, 2015, the Court sentenced Petitioner to 240 months' imprisonment followed by 10 years of supervised release. [Doc. 427]. Petitioner did not file an appeal of his conviction or sentence.

## II. Analysis

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulated four grounds of collateral challenge in his § 2255 motion: (1) that his counsel was ineffective for failing to move to suppress evidence; (2) that his counsel was ineffective during plea bargaining by failing to communicate a plea bargain counter offer with the United States Attorney; (3) that counsel was ineffective for failing to file a direct appeal after Petitioner requested that he do so on the day of sentencing; and, in an amended filing, (4) that Amendment 794 to the United States Sentencing Guidelines provides a basis for a reduction in sentence. [Docs. 527, 534]. However, Petitioner has conceded that the first and fourth arguments are without merit and has withdrawn those claims, leaving the claims of ineffective assistance of

counsel arising from failing to communicate during plea bargaining and failure to file a direct appeal. [Doc. 613].

**A.    Legal Standard**

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's

representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Further, the petitioner has the burden to establish that he is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief"). The Sixth Circuit has provided that unless the "record conclusively shows that the petitioner is entitled to no relief," an evidentiary hearing is "mandatory." *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015).

**B.    Claim of Ineffective Assistance of Counsel for Failure to File a Direct Appeal**

In the Sixth Circuit, if "counsel . . . ignore[s] the defendant's express instruction to file an appeal," that "amounts to a per se violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (alteration in original) (internal quotation marks omitted) (citation omitted); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (finding that a "failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal"). When counsel ignores defendant's express instruction to appeal, a petitioner is "entitled to relief under § 2255." *Campbell*, 686 F.3d at 359. A petitioner is entitled to such relief "regardless of the merits of [the defendant's] substantive claims." *Id.* If a petitioner shows that "'counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying

claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).

Here, Petitioner claims that "Mr. Poole failed to file [a] direct appeal after defendant requested counsel to the day of sentencing." [Doc. 527]. Likewise, Petitioner contends that, beyond disregarding express instructions to file a notice of appeal, counsel "never responded to any of defend[a]nts request[s] con[c]erning direct appeal" and disregarded letters, emails, and phone calls about the appeal. *Id.* Further, Petitioner asserts that counsel did not file an *Anders* brief, pursuant to *Anders v. California*, 386 U.S. 738, 744–45 (1967), showing that an appeal would be frivolous. *Id.* The government argues that Petitioner's assertion is contradictory; on one hand, Petitioner claims that counsel failed to follow through with the requested appeal, yet, on the other hand, claims that counsel "failed to consult with [Petitioner] when [counsel] should have known his client might want to appeal" the sentence. [Doc. 612]. Consequently, the government argues that this claim by Petitioner should be denied, but alternatively asserts that the Court could conduct an evidentiary hearing.

By their nature, attorney-client communications are "purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962); *see also MacLloyd v. United States*, 684 Fed. App'x 555, 561 (6th Cir. 2017). Consequently, the record cannot reveal whether Petitioner gave counsel an express and timely request for a direct appeal of his sentence that counsel ignored or neglected. In a similar action involving a plea agreement and a waiver of appeal rights, the Sixth Circuit remanded the case to the district court to "conduct an evidentiary hearing to determine if [the petitioner] in fact expressed the desire for an appeal as he now asserts." *Campbell*, 686 F.3d at 360.

5

Here, based on the record, the Court cannot conclusively determine that Petitioner is not entitled to relief on the basis of counsel's failure to file a direct appeal, as it lacks sufficient evidence to determine whether counsel failed to file a notice of appeal on Petitioner's behalf, despite an express and timely request from Petitioner that such notice be filed. Mr. Poole may be called upon by the Court to testify at a hearing, and his testimony may or may not create a factual dispute.

As such, the Court finds that Petitioner is entitled to an evidentiary hearing limited solely to the issue of whether Petitioner expressly and timely requested that counsel file a direct appeal on his behalf.[2] *See Pola*, 778 F.3d at 532–33. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the § 2255 Rules. Petitioner will be appointed counsel to represent him solely as to this issue.

### III. Conclusion

For the reasons discussed herein, Petitioner is entitled to an **EVIDENTIARY HEARING**. Consequently, an evidentiary hearing before the Honorable Pamela L. Reeves, United States District Judge, is **SCHEDULED** for **September 30, 2019 at 10:00 a.m.** in Courtroom 3C at the Howard H. Baker, Jr. United States Courthouse in Knoxville, Tennessee. The evidentiary hearing is limited to Petitioner's claim in his § 2255 motion that counsel was ineffective for failing to file a direct appeal of Petitioner's sentence contrary to Petitioner's direct, express request that counsel do so.

It is hereby **ORDERED** that, pursuant to Rule 8(c) of the Rules Governing § 2255 Cases in the United States District Courts, Petitioner shall be appointed counsel to represent him in this

---

[2] The Court need not assess the merits of Petitioner's other claims for relief until the issues regarding the filing of his direct appeal have been resolved.

matter.  Appointment of counsel is **REFERRED** to the Honorable H. Bruce Guyton, United States Magistrate Judge, to **APPOINT** counsel to represent Petitioner as stated herein.

In addition, it is **ORDERED** that the Bureau of Prisons relinquish custody of Raymond Racey, Reg. No. 47741-074, to the United States Marshal.  The United States Marshal shall transport Petitioner from the McKean Federal Correctional Institution in Pennsylvania to Knoxville, Tennessee on or before **September 30, 2019**, in order for him to meet with his counsel and appear for this hearing.  Thereafter, the United States Marshal shall return him to FCI McKean at the conclusion of the evidentiary hearing.

**ENTER:**

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**