# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **RAYMOND RACEY,** ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | Nos.  3:16-CV-619/ 3:14-CR-89 |
| ) | REEVES/GUYTON |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| *Respondent*. ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Petitioner Raymond Racey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 527; 3:16-CV-619, Doc. 1].[1] For the reasons that follow, Racey's § 2255 motion will be granted in part and denied in part.

**I.    Background**

On July 16, 2014, Racey was indicted on various charges for his role in a seventeen-defendant methamphetamine manufacturing and distribution conspiracy. [Doc. 3]. CJA Panel Attorney Charles Poole ("Counsel") was appointed to represent Racey. [Doc. 56, 61].

On August 27, 2014, the government filed an "Information Alleging Prior Conviction Pursuant to 21 U.S.C. § 851." [Doc. 129 (correcting Doc. 127)]. The § 851 notice indicated that "on or about, January 7, 2011 (nunc pro tunc December 14, 2010), the defendant was convicted of Sale of Schedule II, a Class C felony, in violation of T.C.A. § 39-17-417, in case number 14326, in the Criminal/Circuit Court of Roane County, Tennessee" and included a copy of the judgment of the felony drug conviction. [*Id.*]. The § 851 notice also indicated that, as a result of the prior

---

[1] All citations to the record are found on the related criminal docket, which may be found in Case No. 3:14-cr-00089-PLR-HBG-2, unless otherwise indicated.

1

conviction, two of the charges in Racey's federal case carried "a minimum mandatory term of imprisonment of at least 20 years and not more than life imprisonment." [*Id.*]

On June 5, 2015, the government filed a "Notice of Factual Basis" and, on June 8, Counsel filed a "Notice of Intent to Change Plea." [Doc. 282, 285]. On June 11, 2015, Racey entered a guilty plea to three counts of the Indictment: (1) Count One, charging Racey with conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); (2) Count Two, charging Racey with conspiracy to manufacture fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and (3) Count Four, charging Racey with knowingly and intentionally possessing equipment, chemicals, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. §§ 843(a)(6), (d)(2). [Doc. 282, 288]. A Presentence Investigation Report was prepared reflecting the details of Racey's offense and background, as well as the sentencing impact of his prior conviction. [Doc. 384].

On October 15, 2015, the Court conducted Racey's sentencing hearing. At the hearing, Racey raised no objections to the Presentence Investigation Report. The Court specifically warned Racey about the sentencing impact of his prior conviction and asked if he affirmed the prior conviction, which he did. [Doc. 660, p. 5]. Ultimately, the Court sentenced Racey to 240 months' imprisonment followed by 10 years of supervised release—the statutory mandatory minimum sentence. [Doc. 426, 427]. Immediately after stating Racey's sentence, the Court advised him of his appellate rights. [Doc. 660, p. 29]. The Court then asked Counsel if there was anything further on Racey's behalf. [*Id.*]. Counsel asked the Court for a moment to discuss a matter with Racey, which the Court permitted. [*Id.* at 30]. After this discussion, Counsel stated, "Your Honor, my client has requested that the Court appoint the Federal Public Defender's office to represent him in any appellate proceedings." [*Id.*]. In response, the Court advised counsel that the "appointment

actually comes from the Court of Appeals, but he can be assisted in terms of filing the notice of appeal, and then the Court of Appeals will take over the process of appointing a Public Defender or an appropriate person to represent him on appeal." [*Id.*].

No notice of appeal was ever filed on Racey's behalf. On February 18, 2016, Racey, *pro se*, mailed a letter to the Court, inquiring into the status of his appeal. [Doc. 493]. Construing the letter as a motion for an extension to file a notice of appeal, the Court denied the construed motion because it was filed beyond the period allowable under Federal Rule of Appellate Procedure 4(b)(4). [Doc. 494].

On October 21, 2016, Racey filed a "Motion to Vacate, Set Aside, or Correct Sentence" under 28 U.S.C. § 2255. [Doc. 527]. Racey originally sought relief on three grounds for ineffective assistance of counsel: (1) that Counsel failed to file a motion to suppress evidence; (2) that Counsel failed to communicate a plea bargain counter offer to the Assistant United States Attorney during plea bargaining; and (3) that Counsel failed to file a direct appeal of the sentence despite a request to do so on the day of sentencing. [*Id.* at 4–7]. Racey sought to amend the motion, adding an additional argument: (4) that Amendment 794 to the United States Sentencing Guidelines provides a basis for a reduction in sentence. [Doc. 534].

The government responded, contending (1) that Counsel's failure to file a meritless suppression motion cannot constitute ineffective assistance; (2) that Racey has not established that counsel was ineffective with regard to plea negotiations; (3) that Racey has not established that counsel was ineffective for not filing an appeal; and (4) that Racey's supplemental motion was untimely and meritless. [Doc. 612, p. 4–9].

Racey replied, withdrawing the first and fourth grounds for relief and rebutting the government's arguments as to the second and third grounds. [Doc. 613, p. 4–7]. Racey persisted

3

in his claims that Counsel provided ineffective assistance during the plea bargain process and by failing to file a direct appeal of his conviction and sentence. *Id.*

On April 22, 2019, this Court determined that Racey was entitled to an evidentiary hearing regarding the question of whether he instructed Counsel to file an appeal of his conviction. On June 21, 2019, the Honorable H. Bruce Guyton, Chief United Magistrate Judge, appointed attorney Ruth Ellis to represent Racey for these proceedings. [D. 18]. An evidentiary hearing was set, but Racey, through counsel, moved to continue the hearing [D. 23].

In the interim, a transcript of the sentencing hearing was filed, [Doc. 660], and the Court reviewed its recollections of the events of that proceeding. As a result, the Court has determined that an evidentiary hearing is no longer necessary, and the matter is ripe for adjudication.

## II. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The Sixth Circuit has stated that unless the "record conclusively shows that the petitioner is entitled to no relief," an evidentiary hearing is typically "mandatory." *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015). However, that hearing is only necessary "where there is a

4

factual dispute." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017). Likewise, when the presiding judge also hears the collateral proceedings . . . that judge may rely on h[er] recollections of the trial in ruling on the collateral attack." *Smith v. United States*, 348 F.3d 545, 550–51 (6th Cir. 2003) (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)); *see also MacLloyd*, 684 F. App'x at 559 (stating that "a district court judge 'may rely on his or her recollections of the" proceedings when ruling on a § 2255 motion (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. Analysis

Through his § 2255 motion, Racey asks the Court to vacate his conviction, claiming ineffective assistance of counsel at the plea-bargaining stage and ineffective assistance of counsel for failing to file a direct appeal of his sentence and conviction. The Court finds that Racey is entitled to relief due to Counsel's failure to file a notice of appeal, but Racey's claim that Counsel was ineffective during the plea bargain process does not provide a basis for relief.

#### A. Failure to File a Direct Appeal

Racey claims that Counsel "failed to file [a] direct appeal after defendant requested counsel to the day of sentencing." [D. 527, p. 7]. Further, Racey contends that Counsel "never responded to any of defend[a]nts request[s] con[c]erning direct appeal" and disregarded letters, emails, and phone calls about the appeal. [*Id.*]. Likewise, Racey asserts that Counsel did not file an *Anders* brief showing that an appeal would be frivolous. [*Id.*].

The government argues that Racey's claim is contradictory. On one hand, Racey claims that Counsel failed to follow through with the requested appeal, yet also complains that Counsel "failed to consult with [Racey] when [counsel] should have known his client might want to appeal"

5

the sentence. [Doc. 612, p. 5]. The government argues that this claim should be denied, but alternatively asserts that the Court could conduct an evidentiary hearing. [*Id.* at 6–7].

The Court will first address the need for an evidentiary hearing and then address the substance of the claim.

### 1. Evidentiary Hearing

The Court concludes that an evidentiary hearing is not necessary on this claim. Generally, a court should hold an evidentiary hearing "unless the motion can be 'conclusively determined either by the motion itself or by the files and records in the trial court.'" *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Machibroda v. United States*, 368 U.S. 487, 494 (1962)).

Here, the primary issue before the Court is whether Racey directed his attorney to file a direct appeal of his sentence. Such communications are usually "related primarily to purported occurrences *outside the courtroom* and upon which the record could, therefore, cast no real light." *Machibroda*, 368 U.S. at 494–95 (emphasis added). But the matter at hand does not depend on attorney-client communications outside the courtroom; Racey argues that he "specifically t[old] counsel to file an appeal on his behalf and counsel stated *during the sentencing hearing* that he would be filing an appeal" for Racey. [D. 613, p. 6 (emphasis added)]. Despite Racey's other complaints about counsel, the question before the Court hinges on what happened *in the courtroom* before the undersigned, including discussions that were not reflected in the transcript of the proceedings. Moreover, the government has recently conceded that it would not call Counsel as a witness during an evidentiary hearing. [3:16-CV-619, Doc. 22]. As a result, the government "would thus be unable to meaningfully rebut [Racey's] claim at an evidentiary hearing." *Mulkey v. United States*, No. 2:15-CR-024, 2019 WL 4016485, at *3 (E.D. Tenn. Aug. 26, 2019). Because

6

the record and the recollections of the Court are in accord with Racey's claim and the government has no basis to challenge the claim, an evidentiary hearing would not benefit the Court's adjudication of it.

Admittedly, the Court previously stated that it could not determine from the record whether Racey was entitled to relief. Nevertheless, the addition of transcripts to refresh the Court's recollection of the hearing has led the Court to conclude that a hearing is no longer necessary. While counsel for the government "maintains . . . that an evidentiary hearing remains the appropriate mechanism for the Court to assess petitioner's credibility and make factual findings," [3:16-CV-619, Doc. 22], the current Assistant United States Attorney handling this matter did not prosecute the case and was not present at the sentencing hearing. The Court concludes that there is no genuine factual *dispute* as to what occurred in the undersigned's presence and that an evidentiary hearing is not necessary.

### 2. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants "the right . . . to have the Assistance of Counsel for [their] defence," U.S. Const. amend. VI, which includes "'the right to the effective assistance of counsel.'" *Garza v. Idaho*, 139 S. Ct. 738, 743–44 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). Under the *Strickland* framework, a § 2255 petitioner that collaterally attacks his conviction based on ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–88, and (2) that any such deficiency was "prejudicial to the defense." *Id.* at 692.

The burden of proving constitutionally ineffective assistance of counsel is usually heavy. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("Surmounting *Strickland*'s high bar is never an easy task."). But if "counsel . . . ignore[s] the defendant's express instruction to file an appeal,"

7

that "amounts to a per se violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (alteration in original) (internal quotation marks omitted) (citation omitted); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (finding that a "failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal"). Consequently, when counsel ignores defendant's express instruction to appeal, a petitioner is "entitled to relief under § 2255." *Campbell*, 686 F.3d at 359. A petitioner is entitled to such relief "regardless of the merits of [the defendant's] substantive claims" that would have been raised on appeal. *Id.*; *see also Garza*, 139 S. Ct. at 744 (2019) (finding that if a habeas petitioner that shows that "'counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).

Here, Racey's core argument is this: "[Racey] **did** specifically tell counsel to file an appeal on his behalf and counsel stated during the sentencing hearing that he would be filing an appeal" for Racey. [D. 613, p. 6 (emphasis in original)]. No notice of appeal was ever filed. Consequently, Racey is entitled to relief if, at that time, Racey *wanted* to appeal his conviction and sentence and *asked* Counsel to file the appeal. *See Garza*, 139 S. Ct. at 748.

During the sentencing hearing the undersigned advised Racey of his appellate rights. [D. 660, p. 29]. Specifically, the Court stated:

> Now, Mr. Racey, you can appeal your conviction if you believe your guilty plea was unlawful or involuntary, or if there was some other fundamental defect in the proceeding that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. Mr. Racey, you have the right to apply for leave or permission to appeal *in forma pauperis*, in other words, without paying the court costs for the appeal. If you request, the clerk of the

8

> court can prepare and file a notice of appeal on your behalf. On
> appeal you may apply for court-appointed counsel to represent you.
> Mr. Racey, you should know that, with few exceptions, any notice
> of appeal must be filed 14 days after the entry of the judgment in
> this case.

[*Id.*]. Thereafter, the Court asked if there was "[a]nything further on behalf" of Racey. [*Id.*]. Mr. Poole asked the Court for a moment to discuss a matter with his client, which the Court allowed. [*Id.* at 30]. Though the transcript reflects only a pause in the formal proceedings, the Court recalls that Racey earnestly indicated to his attorney that he wanted both an appeal and a different attorney.

Afterwards, the transcript picks back up when Counsel states, "Your Honor, my client has requested that the Court appoint the Federal Public Defender's office to represent him in any appellate proceedings." [*Id.*]. In response, the Court advised Counsel that the "appointment actually comes from the Court of Appeals, but he can be assisted in terms of filing the notice of appeal, and then the Court of Appeals will take over the process of appointing a Public Defender or an appropriate person to represent him on appeal." [*Id.*].

Then as now, the Court understood that Racey wanted to appeal his case and, during the pause reflected in the transcript, asked Counsel to file his appeal. Sensing Counsel's confusion about Racey's concurrent request for different representation on appeal, the Court specifically advised *Counsel* that Racey "can be assisted in terms of filing the notice of appeal." [*Id.*]. "Filing such a notice is a purely ministerial task that imposes no great burden on counsel," *Garza*, 139 S.Ct. at 745 (quoting *Flores-Ortega*, 528 U.S. at 474), so failure to do so despite a client's express request means that "counsel [wa]s so ineffective that prejudice is presumed. *Winkler v. Parris*, 927 F.3d 462, 465 (6th Cir. 2019) (citing *Garza*, 139 S. Ct. at 744). Consequently, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would

9

have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal," *Flores-Ortega*, 528 U.S. at 484 (2000), "without regard to the probability of success on appeal." *Campbell*, 686 F.3d at 358 (quoting *Ludwig*, 162 F.3d at 459). Racey is entitled to relief on this claim.

### B. Ineffective Assistance During the Plea Bargain Process

Racey also argues that Counsel was constitutionally ineffective during the plea-bargaining process in three ways: (1) "fail[ing] to communicate a plea offer with [the] U.S. Attorney," (2) "fail[ing] to do any presentence investigation," and (3) giving "faulty legal advice" regarding the application of 21 U.S.C. § 851 to Racey's case, which led him to take an "open plea." [Doc. 527, 613]

At the outset, the Court notes that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Though this is an unusual circumstance where a § 2255 motion precedes a direct appeal, the Sixth Circuit has "adopted a 'general rule [that] a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal.'" *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (quoting *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005)); *see also United States v. Williams*, 527 F. App'x 457, 459 (6th Cir. 2013) (remanding a § 2255 matter in which the petitioner was granted a delayed appeal but other ineffective assistance of counsel claims were not resolved). Consequently, though Racey's arguments on this basis are assuredly duplicative of the arguments he will raise on his delayed appeal, the Court must address them here first.

#### 1. Evidentiary Hearing

10

This ineffective assistance claim can also be resolved without an evidentiary hearing. Racey argues that Counsel's bad advice led him to plead guilty and receive a higher sentence than he would have received otherwise. But, as will be discussed in detail, Racey's arguments "cannot be accepted as true because they are contradicted by the record [or are] conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted) (internal quotation marks omitted). Moreover, even taking Racey's limited factual statements to be true, they do not provide a basis for relief. Because there is no possibility that "the result of the proceedings would have been different," *Strickland*, 466 U.S. at 694, "an evidentiary hearing would be of no import" because "the alleged defective performance [is] inconsequential." *Huff v. United States*, 734 F.3d 600, 608 (6th Cir. 2013)

### 2. Ineffective Assistance of Counsel

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 140 (2012). However, "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977).

Again, to establish ineffective assistance of counsel, a § 2255 petitioner must prove both "that counsel's representation fell below an objective standard of reasonableness" and that the deficiency was "prejudicial to the defense." *Strickland*, 466 U.S. at 686–87. Because constitutionally deficient representation must result in prejudice, a petitioner is entitled to relief "only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), *cert. denied*, 518 U.S. 1027 (1996). In other words, "[a]n error by counsel, even if professionally unreasonable,

11

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West*, 73 F.3d at 84 (quoting Strickland, 466 at 691). "[T]o establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

Here, all three of Racey's arguments that Counsel was ineffective fail at *Strickland*'s second prong—prejudice—regardless of whether Counsel's representation was objectively unreasonable. Each argument will be addressed in turn.

### a. "Failure to communicate a plea offer"

Racey's contends that Counsel failed to communicate a plea offer to the Assistant United States Attorney in his case. Racey appears to believe that Counsel could have secured a more favorable sentence had Racey pleaded guilty pursuant to a plea agreement.

Because the government complied with the notice requirements of 21 U.S.C. § 851(a), Racey's statutory mandatory minimum sentence was 240 months. [Doc. 129, 384 427, 428]. Presumably, Racey speculates that the government may have withdrawn the § 851 notice pursuant to a plea agreement. However, the record is abundantly clear that the government had no intention of withdrawing its § 851 notice, even if Racey had agreed to cooperate further. [Doc. 660, p. 11–17]. Racey enjoyed no constitutional right to a plea agreement, *Weatherford*, 429 U.S. at 561, let alone a plea agreement that avoided a valid enhancement, and Racey was not prejudiced by Counsel's failure to communicate a plea offer that the government would not have accepted.

Because Racey has not demonstrated prejudice, the Court finds that, even if counsel failed to communicate a speculative plea agreement offer, it does not provide grounds for relief.

### b. "Failure to do any presentence investigation"

Racey contends that Counsel was constitutionally ineffective by failing to do any presentence investigation. Racey appears to believe that further investigation by Counsel into the legal and factual circumstances of the case could have revealed a path around 21 U.S.C. § 851.

Even if Counsel did fail to perform "any presentence investigation," Racey does not explain what that investigation would have revealed that would have avoided Racey's statutory mandatory minimum sentence. Racey entered a plea of guilty on a factual basis that he affirmed under oath. [Doc. 282, 288]. Likewise, Racey confirmed the validity of his prior conviction. Specifically, at the sentencing hearing, the Court stated that:

> [T]he government alleges that on January the 7th, 2011, Mr. Racey was convicted of the sale of Schedule II drugs in Docket Number 14-326 in the Criminal Court of Roane County, Tennessee. Now, Mr. Racey, any challenge to this prior conviction which is not made before the sentence is imposed may not be raised thereafter to attack the sentence.

[Doc. 660, p. 4–5]. The Court then asked, "Mr. Racey, do you affirm the prior conviction as previously stated by the Court?" [*Id.* at 5]. Racey replied, "Yes, ma'am. [*Id.*].

"Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and Racey fails to identify any pertinent information that was not revealed. As a result, the Court finds that, even if Counsel failed to conduct sufficient presentence investigation, it does not provide grounds for relief.

### c. "Faulty legal advice"

13

Lastly, Racey contends that Counsel gave him "faulty legal advice" and advised him that the only way to avoid the statutory mandatory minimum sentence due to 21 U.S.C. § 851 was to take an "open plea"—a plea of guilty without a plea agreement. As a result, Racey argues that he "was never given the chance to deny the conviction or be warned that it needed to be attacked before sentencing." [Doc. 527, p. 5]. The Court construes this to be an attack on the voluntariness of his guilty plea.

*Strickland*'s two-pronged test also applies where a petitioner alleges that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish prejudice in the plea context, a petitioners must show that, if counsel had not performed deficiently, there is a "reasonable probability" that he would not have pled guilty but instead would have proceeded to trial. *Id.* at 59. Again, the reasonable probability test is objective, not subjective. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (citation omitted).

Here, regardless of whether Counsel gave faulty legal advice regarding the § 851 enhancement, Racey has failed to show how he was prejudiced by that advice. First, Racey does *not* argue that he would have proceeded to trial, rather than pleading guilty. *See Hill*, 474 U.S. at 59. Instead, Racey pines for a plea agreement in which the government withdrew its § 851 notice. But the record is abundantly clear that the government would not have entered such an agreement. [Doc. 660, p. 11–17].

Second, Racey asserts no basis to collaterally attack the prior conviction that formed the basis for the enhancement. It is true that Racey could have theoretically attacked his prior conviction, as five years had not elapsed between it and the indictment in this case. *See* 18 U.S.C. § 851(e). But a showing of prejudice requires a *substantive* basis to find that the outcome would

14

have been different.  Racey likely has not attempted to make such a showing because, as reflected in the Presentence Investigation Report, Racey pleaded guilty to the prior offense. [Doc. 384, p. 12, ¶ 57].  Racey was represented by counsel through the process. [*Id.*].  Racey did not appeal that conviction or sentence in the state court system. [*Id.*].  Racey served the totality of the sentence imposed. [*Id.*].  In short, there is no credible factual or legal basis for an attack on Racey's prior conviction.

While Racey was not required to formulate a "shadow defense alongside that of his attorney," he is obligated to adequately plead a basis for relief in his § 2255 motion.  Racey's "bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing," let alone relief. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

Lastly, contrary to his assertions, Racey was repeatedly warned of the consequences of the § 851 notice.  Racey argues that the enhanced sentence "may only be imposed only if, prior to the imposition of sentence, the sentencing judge inquires of the defendant whether he or she affirms or denies the prior convictions and warns the defendant that failure to challenge the convictions prior to imposition of sentence forecloses a later challenge." [Doc. 613, p. 5 (citing *United States v. Williams*, 899 F. 2d 1526, 1529 (6th Cir. 1990)].  As the Court has recounted, the Court gave Racey that clear warning and explicitly asked him whether he affirmed his prior conviction, which Racey did. [Doc. 660, p. 5].  Even before this exchange, Racey received explicit warnings that he was facing a term of twenty years to life imprisonment as a result of pleading guilty.  First, the § 851 notice informed him of this. [Doc. 129].  Yet he chose to plead guilty.  Afterwards, Racey's Presentence Investigation Report outlined that he faced a statutory mandatory minimum sentence of twenty years. [Doc. 384, p. 20, ¶ 88–89].  He confirmed that he received the Presentence Investigation Report and he raised no objections to it. [Doc. 660, p. 3–4].  Again, the Court warned

15

Racey that he faced a twenty-year mandatory minimum sentence when it asked him if he affirmed his prior conviction. Nevertheless, he affirmed the conviction. [Doc. 660, p. 5]. It simply is not true that Racey "was never given the chance to deny the conviction or be warned that it needed to be attacked before sentencing."

Even if Counsel provided "gross misadvice," *United States v. Nimocks*, 234 F.3d 1270 (6th Cir. 2000) (Table); *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996), Racey has not proven that he was prejudiced by it. He does not allege that he would have proceeded to trial had he not received bad advice, does not provide a substantive basis for any collateral attack on his prior conviction, and he does not credibly argue that his plea was involuntary. In short, there is no "reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694). The Court finds that Racey is not entitled to relief on this claim.

In sum, Racey has failed to establish that he was prejudiced by any of the actions or inactions taken by Counsel at this stage of Racey's prosecution, even if Counsel's representation fell short of professional standards. Consequently, this ineffective assistance claim will be denied.

### C. Relief and Certificate of Appealability

As stated, the Court has concluded that Racey is entitled to relief on his claim that Counsel failed to file an appeal, despite a request to do so. After a court "initially considers whether or not the petitioner is entitled to any § 2255 relief" and finds that he is entitled to relief, "the court shall vacate and set the judgment aside." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "Once the judgment is vacated, the district court must proceed to grant one of four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence. *Id.* (quoting 28 U.S.C. § 2255(b)). Consequently, Racey's judgment of conviction will be vacated and

16

Case 3:16-cv-00619-PLR-HBG   Document 24   Filed 04/24/20   Page 16 of 17   PageID #: 98

immediately re-entered by the Court in order to restart Petitioner's time for appeal. *See Johnson v. United States*, 146 F. App'x 4, 5–6 (6th Cir. 2005); *Rosinski v. United States*, 459 F.2d 59, 59–60 (6th Cir. 1972); *see also Campbell*, 686 F.3d at 360; *Mulkey v. United States*, No. 2:15-CR-024, 2019 WL 4016485, at *3 (E.D. Tenn. Aug. 26, 2019). Racey has the right to appeal the sentence imposed in his criminal case. A notice of appeal must be filed within 14 days of the re-entry of his criminal judgment. If Racey requests and so desires, the Clerk of Court can prepare and file the notice of appeal for him.

However, the Court has denied Racey's claim of ineffective assistance of counsel during the plea bargain process, and the Court must consider whether to issue a certificate of appealability ("COA") should Racey seek to appeal. When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On this basis, the Court would not ordinarily issue a certificate of appealability on Racey's plea bargain claim. Nevertheless, the Court will grant a certificate of appealability for this issue as part of the delayed appeal. *See United States v. Livingston*, No. 3:10-CR-88-TAV-HBG, 2015 WL 6873585, at *5 (E.D. Tenn. Nov. 9, 2015).

### IV. Conclusion

In light of the foregoing, Racey's motion under 28 U.S.C. § 2255 [Doc. 527; 3:16-CV-619, Doc. 1] will be **GRANTED in part** and **DENIED in part.** In addition, a certificate of appealability shall issue with respect to Racey's claim of ineffective assistance of counsel during the plea bargain process. An order consistent with this Memorandum Opinion will be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**